## HUNTINGTON V. JONES.

When a poor debtor is assigned in service in discharge of his debt, the assignment must limit the service to the person of the master named; and not extend it to his heirs and assigns.

ERROR from the Court of Common Pleas. The case was, Jones recovered judgment against Huntington, in an action of trover, had execution, and committed him to goal. Huntington was a poor prisoner, and unable to discharge the debt. Jones preferred his petition to the Court of Common Pleas, that Huntington might be assigned in service a sufficient length of time to satisfy said execution, and additional cost. The petition was founded on that part of the statute concerning arrests and imprisonment, which enacts, " That, if no other means can be found to pay the debt for which such debtor is imprisoned, the debtor shall satisfy the same by service, if the creditor desire it, and the court shall judge it reasonable; in which case the Superior or County Court shall have power to order and dispose of such debtor in service, for the purpose aforesaid, to some inhabitant of this state, whether the execution by which he is held issued from such court, or not.

" Provided always, that no court in this state shall, in any civil case, assign or dispose of any person in service, until such court is satisfied, by the oath of the parties or otherways, that said debtor hath not estate sufficient to pay the debt for which he is holden by execution, except such necessaries as are by law exempted from being taken by execution; and the debt for which he is holden is really and bona fide due, on good consideration."

Huntington, and his other judgment creditors, upon whose debts he was likewise imprisoned, moved that Jones' peti-

tion might not be granted:    They urged, that each creditor had an equal right to the service of the debtor; that his life being uncertain if preference should be given to one, the other creditors might lose their debts.    Huntington suggested to the court, that the judgment of Jones against him was unjustly obtained, and moved that both might be examined under oath, as to the justice of the debt; which the court refused, and disposed of Huntington, in service to Jones, the creditor, his heirs and assigns, for the term of two years and six months, in discharge of the debt.

Six exceptions in error were taken to this decision of the Court of Common Pleas:

1. That the court ought not to have assigned him in service for the debt of Jones only, when he was confined in prison by force of other judgments in favor of other creditors.

2. That agreeably to the just construction of the statute, regulating the proceedings in such cases, Huntington had right to testify under oath, and to an examination of the adverse party respecting the justice of said original demand; which was denied in this case.

3. That it was not agreeable to the true spirit and meaning of the statute, that Huntington, under the circumstances, should have been assigned in service.

4. That the court erred in extending the service to such a length of time.

5. That the first judgment was rendered in an action of trover, for the satisfaction of which, the law will not justify an assignment in service.

6. That the court erred in assigning said Huntington to the heirs and assigns of said Jones.

On the last error alleged, the judgment was reversed: For,

By the whole COURT. The binding here is not only to the person named, but also to his heirs and assigns: Whereas, by the statute, the right of service is personal, and extends only to the master named and approved by the court, who are to regard as well the condition and character of the person to whom the assignment is made, as of the person assigned. The provision of law for assigning debtors in service being an abridgment of personal liberty, requires caution in exercise, and is not to be enlarged by implication.